## HAYMAN, Admr v CLEVELAND, CANTON & COLUMBUS MOTOR FREIGHT CO et

Ohio Appeals, 5th Dist, Richland Co

Decided September, 1933

Harry F. Payer, Cleveland, and C. H. Workman, Mansfield, for plaintiff in error.

Mansfield & Black, Mansfield, Don McVey, Mansfield, and S. H. Cramer, Mansfield, for defendants in error.

## OPINION

By LEMERT, J.

The petition in error was filed herein to reverse the verdict and judgment heretofore rendered for the following reasons, to-wit:

1. That said verdict and judgment are manifestly against the weight of evidence.
2. The court erred in its general charge to the jury.
3. The court erred in the admission and exclusion of testimony.

On November 26, 1930, about 10:15 o'clock in the morning, the plaintiff's decedent, fifty-five years of age, and at that time earning Sixteen Dollars per week, was riding on the left hand side of the rear seat of an automobile being driven by William Tschanen from Bucyrus to Akron. The record discloses that Tschanen, a retired farmer of sixty-three years of age, was on the day of the accident driving a two months old Graham car and was traveling a route taking him through Mansfield and over the Mansfield-Ashland Road toward the village of Windsor. The record shows that the roadway was very slippery, being covered with a thin coating of snow and ice, and that Tschanen was driving at the rate of from twenty-five to thirty-five miles per hour. According to his own testimony he was driving twenty-five miles an hour. Just before the accident occurred Tschanen came over the top of a hill, the roadway at that point was of tar or asphalt construction and very slippery when covered with snow or ice. The evidence shows that from the place of accident to the top of the hill was a distance of five or six hundred feet. The record shows that Tschanen started down the hill and his car began to skid and swerve across the road, made six or seven swerves from one side of the road to the other before it got down to where the Frazier-Young outfit was in the highway, at which time, the record shows, the Frazier-Young outfit was some seventy-

five feet up the hill from the parked Cotter trailer. Tschanen's car skidded off the pavement on to the berm on his righthand side of the roadway and then headed straight for the Frazier outfit.

From the weight of the evidence, without discussing it at great length, we find that the record shows that when the driver of the Frazier-Young outfit came up behind the parked trailer of the Cotter Highway Transportation Company he pulled out a little so he could see over the hill and stopped, and that he could see over the hill a distance of between five and six hundred feet, and that he could see the Cotter trailer being parked close to the Windsor sign. The testimony also shows there was nothing in sight and that the driver of the Frazier-Young outfit pulled out and around the parked trailer and was getting back on his side of the road before the Graham car, driven by Tschanen came into view somewhere between the school house and the north road. Testimony discloses that this accident occurred in daytime, it was snowing, not raining, that there was no obstruction of vision in any manner for a distance of five or six hundred feet. Further, that the driver of the Graham car applied his brakes, skidded, swung half way down the hill and had little or no control of his car; and further, the record shows that he had ample room to pass even without driving on the berm, as shown by the photograph in defendants' Exhibit 2. Tschanen, the driver of the Graham car, testified himself that he could have driven past the Frazier-Young outfit by driving with one wheel on the six to eight foot berm.

We are therefore of the opinion that the record fails to disclose any good reason why this verdict should be disturbed or reversed on the weight of the evidence.

As to the alleged errors in the court's charge to the jury:—The charge was quite lengthy and we will only refer to pertinent parts thereof. Counsel for plaintiff in error contend that the court wrongfully charged on the matter of "proximate cause." In reading the entire charge on proximate cause we can not agree with counsel for the plaintiff that the plaintiff's rights have been prejudiced by the charge as made, which is as follows:

"The proximate cause of an injury is defined as that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the injury, and without which the result would not have occurred."

We cannot see how it can be successfully contended that any act of either of the defendant companies produced the injuries in this case. The question of proximate cause is one of fact to be determined by the jury. in the light of all the facts and circumstances shown by the evidence. We note in the court's charge at different places that particular stress was given to the jury that they were not to consider the negligence of the driver of the automobile in which plaintiff's decedent was riding; but the facts and circumstances as shown by the evidence in this case brought out so clearly the conduct of Tschanen, the driver of the Graham car, in that he came over this slippery, icy hill at a rate of speed which caused him to lose all control of his car and to slip and slide down the hillside, across the center of the roadway and into and against the Frazier-Young trucking outfit; and, in as much as the jury was unable to find from the evidence any acts of negligence which could by any stretch of the imagination be termed the direct or proximate cause of the injuries sustained, and when they heard the evidence with reference to the conduct of the driver of the Graham car, they most certainly could not find from the evidence other than that the negligence of Tschanen was the sole, direct and proximate cause of the injuries, free from any negligent act on the part of the defendants, the Cotter Highway Transportation Company or The Frazier-Young Trucking Company.

The trial court correctly charged §6310-27 GC, which provides as follows:

"No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the righthand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road; provided that nothing in this section shall be held to apply whenever a driver of a vehicle is compelled or permitted to stop by reason of other lawful regulations or emergency."

Complaint is made by the plaintiff in error of the following charge of the court:
"If you should find from the evidence that the defendant, The Cotter Transportation Company, Inc., violated the provisions of what might be termed 'the emergency statute', that is, stopped on the road with the front and rear wheels more than one foot from the right hand side of the improved portion, then you will ascertain from the evidence whether or not this defendant was compelled to stop the box car trailer in violation of the terms of this statute. If you find it was stopped by reason of emergency, I further charge you that if the driver or persons in charge of this box car trailer were compelled on account of emergency to stop this box car trailer in violation of this statute at that time and place, then such act would not be negligence in and of itself, but the parties parking the box car trailer would be required to use ordinary care to avoid injury to others while the trailer was parked or remained on the highway, that is, such care as an ordinary, prudent person would use after stopping a box car trailer of the size of this box car trailer, taking into account the conditions of the road at the time, the width thereof, the visibility of the other users of the road, and all other conditions then existing, and it is for you to see whether that degree of care was maintained."

We find and believe the above charge correctly stated the law governing the instant case and that there is no error therein. We find no error in the charge of the court in this case and find no error in the admission or the exclusion of testimony. Taking the testimony as a whole, and particularly the testimony of Tschanen, the driver of the car in which the decedent was riding, we believe the verdict in this case was a proper one and that the plaintiff was given a fair and an impartial trial and that there was no prejudicial error therein. It therefore follows that the judgment of the lower court will be, and the same is, hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.